Gilmore, J.
Two important questions are raised in this* case, touching the construction given by the court to the-statute under which the action is prosecuted.
First. Did the court lay down the correct rule to govern the jury in assessing damages ?
Second. Can persons who have no legal interest in the life of the deceased, and who by his death lost nothing to-which they had a legal right, have the action maintained for their benefit, and recover more than nominal damages ?
The particular part of the charge of the court, relative to-the first question, which was excepted to and assigned for error, is as follows: “ The reasonable expectation of such-pecuniary benefit to the next of kin is what the jury are to-ascertain and allow; and that expectation may consist of what a person may give his next of kin while living as well as what they may inherit from him at his death.”
It is urged by counsel for plaintiff in error that the raleas thus laid down is too broad; that under it the jury were-allowed to give damages purely speculative, without proof of any actual injury.
In actions of tort, under the rules of the common law,, the charge would probably be liable to the objection urged. But the statute under which the action was brought creates and gives a right of action in a class of cases unknown to-the common law, and also provides its own rule in giving-a remedy to the parties injured.
The rule furnished by the statute is, that the jury may give such damages as' they shall deem fair and just, with reference to the pecuniary injury resulting from such death *513 to the next of kin of the deceased person. It is evident, that this contemplates the allowance of damages other than snch as would immediately and directly follow from the wrongful act of the defendant.
Suppose the case of a father, whose life was wrongfully taken, and who left a widow and minor children, who were dependent on his daily labor for support. The pecuniary injury they would suffer thereby, would not be measured by the loss in dollars and cents that would immediately follow from his death, but the pecuniary benefits that they would probably have derived from him in the future, had his life not been terminated, would be properly taken into-consideration by the jury in estimating damages for the pecuniary injury they had suffered. So the same rule, although more difficult of application, perhaps, had to be applied in this case, for the reason that the statute authorizes no distinction. The entire charge of the court on this point, when taken together, relieves the sentence excepted to from the objection urged. The jury was told in substance that the damages must be confined, under the rule laid down, to the pecuniary injuries resulting to the next of kin from the death of their brother; that these in their nature were uncertain and indefinite; that if the deceased had lived, they might not have been benefited, and if not, then no pecuniary injury would have resulted to-them from his death; that it was difficult to get at the pecuniary loss with precision and accuracy; but that taking' all the facts and circumstances of the case into consideration, they were, according to their deliberate judgment, to-determine whether the parties for whose benefit the action was brought, had suffered any pecuniary injury; and if so,, then they were to assess such damages as they should deem fair and just under the instruction given and excepted to ; with the further caution, that it was only the pecuniary value of the life of the deceased to his next of kin — that is, the pecuniary value they would have derived, had his, *514 life not been terminated — that constituted their claim for ■damages on account of his death.
Taking the entire charge together we can find no error in it. To have required the parties for whose benefit the .action was brought below, to make proof of actual and direct injury, to entitle them to recover more than nominal •damages, would have been to deny them rights intended to be conferred upon them by the statute. The deceased at ■the time of his death was a mere infant, and it could not properly be said that his life was of any present pecuniary value to any one; and the only basis upon which damages for pecuniary injury to his next of kin, by reason of his •death, could be predicated and allowed, was the one given by the court. If death had not ensued from the injury ■complained of, there can be no doubt that the party injured, Although an infant, could, by his next friend, have maintained :an action against the wrong-doers, and have recovered damages commensurate with the injury sustained. Heath having ensued, however, the statute gives the right of action to his legal representative, who prosecutes for the benefit of the next of kin.
Barron’s case, reported in 5 Wallace, 93, arose under the statute of Illinois, which is almost literally the same as that of Ohio; and the Supreme Court, in speaking of the point under consideration, says: “ But the statute in respect to the measure of damages seems to have been enacted on the idea that, as a general fact, the personal assets of the deceased would take the direction given them by the law, and hence the amount recovered is to be distributed to the wife And next of kin, in the proportion provided for in the distribution of personal property left by a person dying intestate. If the person injured had survived and recovered, he would have added so much to his personal estate, which "the law, on his death, if intestate, would have passed to his wife and next of kin; in case of his death by the injury, the equivalent is given by a suit in the name of his representative.” Prom this it seems that, barring pain, anguish, etc., the representative may recover whatever the deceased, *515 Shad he survived, could have recovered on account of the injury.
The second point raised is disposed of in Barron’s case, above cited, as follows: “ It has been suggested frequently, in cases under these acts — for they are found in several of the states, and the suggestion is very much urged in this ■case — that the widow and next of kin are not entitled to recover any damages, unless it be shown that they had a legal claim on the deceased, if he had survived, for support. The two sections of the act, taken together, clearly negative any such construction, as a suit is given against the wrong-doer in every case by the representative for the benefit of the widow and next of kin, where, if death had not ensued, the injured party could have maintained the ¡suit. The only relation mentioned hy the statute to the deceased, essential to the maintenance of this suit, is to that •of the widow or next of kin; to say they must have a legal claim on him for support would be an interpolation in the statute, changing the fair import of its terms, and hence not warranted.”
This is decisive of the point, and shows that the construction put upon the statute in this respect, by the court below, was correct.
A number of other errors are assigned and urged in sup. port of the motion, but we fail to find that the court erred in any of the matters excepted to, and it is not necessary to notice them.

Motion overruled.

McIlvaine, C. J., Welch, White, and Rex, JJ, concurred.